JOURNAL ENTRY and OPINION
{¶ 1} Rodney Rogers appeals from a judgment of the Cleveland Municipal Court which found him guilty of violating a protection order issued by the Domestic Relations Division of the Common Pleas Court prohibiting him from having any contact with Lucille Sharp, the mother of his daughter Christina Rogers. On appeal, Rogers asserts that the court erroneously utilized a strict liability standard to convict him of violation of a protection order when a conviction of that offense requires proof that he acted recklessly. He furthermore asserts that he should be discharged of his conviction because there existed insufficient evidence to prove that he acted with that mental state. After a careful review of the record and applicable law, we agree with Rogers' contentions and therefore reverse the court's judgment and discharge Rogers.
{¶ 2} The record reflects that on February 2, 2001, the Domestic Relations Division of Common Pleas Court entered a "consent agreement and domestic violence civil protection order (R.C. 3113.31)" which prohibited Rogers from harming or harassing Sharp and Christina, from coming within 500 feet of Sharp, and from contacting Sharp. It specifically provided that "[c]ontact includes, but is not limited to, telephone, fax, e-mail and voice mail contact." That protection order, however, stated "[a]ll issues regarding custody, visitation, and support [of Christina] shall be addressed in Juvenile Court." Thereafter, the juvenile court held a hearing on custody and visitation matters regarding Christina and, on May 10, 2001, journalized an order allowing Rogers to have visitations with her, stating, "father to have supervised visitation with child at Templem House by agreement of parties." (Emphasis added.)
{¶ 3} On June 4, 2001, Rogers paged Sharp and left a voice mail in her pager regarding visitation with Christina. Sharp taped this message and subsequently filed a complaint charging Rogers with violation of the Domestic Relations Court protection order.
{¶ 4} At trial, the city prosecutor played the tape of the voice mail. However, neither that tape nor a transcription has been made part of the record on appeal. When the city rested, Rogers moved for acquittal pursuant to Crim.R. 29, which the court denied. Rogers then testified on his own behalf; he admitted that he left a voice mail message but testified that he thought the protection order and the juvenile court's order allowed him to contact Sharp to make arrangements for visiting with Christina.
{¶ 5} After finding him guilty and stating "this violation is in my opinion so minuscule that it doesn't warrant any kind of penalty," the court fined him $100 fine and costs but suspended the fine.
{¶ 6} Rogers now appeals from that judgment[1] and raises four assignments of error. Because our resolution of his first and third assignments of error is dispositive of this case, we address them first. They state:
 {¶ 7} I. THE TRIAL COURT ERRED IN RULING THAT R.C. 2919.27(A)(1) IS A STRICT LIABILITY OFFENSE INSTEAD OF REQUIRING THE CITY TO PROVE RECKLESSNESS; THE DEFENDANT WAS NOT CONVICTED BEYOND A REASONABLE DOUBT OF ALL THE ELEMENTS OF THE OFFENSE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.
 {¶ 8} III. THE TRIAL COURT ERRED IN NOT GRANTING A CRIM.R. 29 MOTION FOR ACQUITTAL.
{¶ 9} Rogers maintains the court erred in applying a strict liability standard to convict him.
{¶ 10} R.C. 2919.27 provides, in pertinent part:
 {¶ 11} (A) No person shall recklessly violate the terms of any of the following:
 {¶ 12} (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31
of the Revised Code.
{¶ 13} R.C. 2901.22 provides:
 {¶ 14} (C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
{¶ 15} Here, the record reflects the following statement by the court at the end of trial:
 {¶ 16} * * * The laws of the State of Ohio set up this law for Protection Orders and it's [sic] strict liability. You cannot call. And the defendant comes into court, however well intended he was, he could not call. It's his voice. We have established it and I believe that the defendant has in fact violated the Protection Order.
{¶ 17} Thus, the record shows that the court's conviction of Rogers is based on its mistaken belief that violation of a protection order is a strict liability offense, when in fact a conviction under R.C. 2919.27 requires the state to prove that Rogers acted recklessly when he made the voice mail contact regarding visitations of Christina. Accordingly, we conclude this application of the erroneous culpable mental state calls for a reversal of Rogers' conviction. See, also, Statev. Gummere (November 18, 1996), Licking App. No. 96CA45 (the court vacated a conviction because the trial court applied a strict liability standard when the offense requires the culpable mental state of recklessness).
{¶ 18} Rogers furthermore asserts that there existed insufficient evidence to prove that he acted recklessly when he left a voice mail in Sharp's pager to arrange for visitation with Christina and therefore his Crim.R. 29 motion should have been granted.
{¶ 19} Crim.R. 29(A) states, in relevant part:
 {¶ 20} The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
{¶ 21} In reviewing a sufficiency claim, we consider whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. An appellate court's function in reviewing whether there is sufficient evidence to support a criminal conviction requires examining the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492.
{¶ 22} Here, the protection order issued by the Domestic Relations Division of Common Pleas Court, by specifically stating "[a]ll issues regarding custody, visitation, and support [of Christina] shall be addressed in Juvenile Court," excluded any matters relating to Christina. That language, read in conjunction with the juvenile court order which stated "father to have supervised visitation with child at Templem House by agreement of parties," lends itself to a reasonable interpretation by Rogers that visitation matters fell outside of the scope of the protection order and that the order authorized him to arrange visitations of Christina with Sharp. Given this state of evidence, we conclude that no rational trier of fact could have found beyond a reasonable doubt that, by leaving the voice mail, Rogers violated the protection order and that he did so recklessly. Because of inefficiency of evidence to establish this requisite mental state, the court should have granted Rogers' Crim.R. 29 motion. This assignment of error is well taken.
{¶ 23} On the basis of the foregoing, we reverse Rogers' conviction and order him discharged.
Judgment reversed; appellant discharged.
This cause is reversed and appellant discharged.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR
[1] Rogers filed a motion to supplement record pursuant to App.R. 9(E), asking for our permission to supplement the record with the protection order and the juvenile court's May 10, 2001 order, two exhibits which were identified but were inadvertently omitted from the record. We now grant that request as authorized by App.R. 9(E).